IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROHEN CAMPBELL,

    Petitioner,

vs.                                          Case No. 4:12cv500-SPM/CAS

ERIC HOLDER, JR., et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated a prior § 2241 petition in the Middle District of Florida on August 15, 2012, and when it was transferred to this Court, it became case 4:12cv427. It was discovered, however, that on August 14, 2012, Petitioner initiated case 4:12cv406 in this Court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1.  Petitioner was granted leave to proceed in forma pauperis, doc. 6, in that case and, finding the petition sufficient, service was directed on August 29, 2012.  Doc. 6 of that case.  In both petitions, Petitioner alleged that his custody was unlawful pursuant to the United States Constitution and Zadvydas v. Davis, 533 U.S. 678 (2001).  After the duplicate cases were brought to Petitioner's attention, Petitioner then filed a notice of voluntary dismissal in case 4:12cv427, and it was granted on September 17, 2012.  Docs. 8 and 9 of that case.

Petitioner has now attempted to initiate yet a third habeas case under § 2241. Just over a week after the duplicate case was dismissed, Petitioner submitted yet another § 2241 petition and this case was opened on September 25, 2012. Petitioner[1] similarly claims his detention is unlawful and in violation of the federal Constitution and <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

Petitioner may not proceed with multiple cases seeking the same relief. Petitioner is advised that there is no need to continue to file separate petitions as it will not speed up relief for Petitioner. Unlike the earlier case when it was assumed that his transfer from one county jail to another led to confusion about which court was proper for venue purposes, Petitioner should not be confused about his cases. The close proximity between the prior dismissal and receipt of the new petition in this case leads to the conclusion that Petitioner has purposefully attempted to file multiple petitions. No further petitions should be filed unless and until Petitioner is denied relief in the current habeas petition, 4:12cv406, that is now pending. Therefore, because Petitioner currently has a habeas case pending in this Court, this case should be dismissed and Petitioner directed to cease filing habeas petitions seeking release from detention unless and until his earlier filed habeas petition is denied.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, doc. 1, be **DISMISSED**

---

[1] It is noted that in this case, Petitioner's first name is spelled Rohen but in the prior case it is spelled as Rohan.

because it is duplicative and because Petitioner did not pay the filing fee at the time of case initiation.

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**